# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 23, 2011 Session

## JOHN HAYNES v. RUTHERFORD COUNTY ET AL.

**Appeal from the Circuit Court for Rutherford Circuit County**
**No. 59592    Robert E. Corlew, Judge**

**No. M2010-01577-COA-R3-CV - Filed June 27, 2011**

The issue in this matter is whether Tenn. Code Ann. § 16-1-116 ("the Transfer Statute") tolls the running of the statue of limitations when a claim under the Government Tort Liability Act is filed in a court that lacks subject matter jurisdiction, and the court transfers the case to a court with jurisdiction. Acting pro se, the plaintiff filed a GTLA claim in the general sessions court of Rutherford County; the civil warrant was filed prior to the running of the one-year statute of limitations for a GTLA claim. Because subject matter jurisdiction over GTLA claims is limited to the circuit court, the sessions court transferred the case. The circuit court held that, because the sessions court lacked jurisdiction, the transfer itself was invalid; therefore, the action was not effectively filed until it was transferred to the circuit court. However, the date of transfer was beyond the applicable one-year statute of limitations for GTLA claims; thus, the circuit court dismissed the case as time barred. We have determined this case is not time barred because, under the Transfer Statute, the statute of limitations was tolled when the civil warrant was timely filed in sessions court and, because it was timely filed, the sessions court was authorized to transfer the case to the circuit court. Therefore, we reverse and remand with instructions to reinstate the case and for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Mitchell J. Ferguson, Murfreesboro, Tennessee, for the appellant, John Haynes.

Thomas S. Santel, Jr., and Jeremy M. Cothern, Murfreesboro, Tennessee, for the appellee, Rutherford County and Matthew J. Goney.

**OPINION**

Acting pro se, John Haynes ("Plaintiff") filed a civil warrant against Rutherford County and Matthew J. Goney ("Defendants") in the General Sessions Court of Rutherford County on August 7, 2009, seeking damages for personal injuries in an amount under $25,000; no further details were included in the warrant.[1] Although the warrant did not specify so, it is undisputed that Plaintiff's claim fell under the Government Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et. seq.* ("GTLA").

After being served, Defendants filed a Notice of Limited Appearance and Motion to Dismiss based on several grounds, including that subject matter jurisdiction for GTLA claims is limited to the circuit court by Tenn. Code Ann. § 29-20-305(a). The sessions court agreed it did not have jurisdiction; however, instead of dismissing the case, the sessions court transferred the case to the circuit court. The case was filed with the circuit court on September 3, 2009.

Once in circuit court, Defendants again moved to dismiss Plaintiff's claim. They asserted that the claim was not properly before the circuit court because the general sessions court lacked jurisdiction and therefore had no authority to transfer the claim. The circuit court agreed the sessions court had no authority to transfer the claim; however, it denied Defendants' motion to dismiss, reasoning that "by whatever mechanism the action became filed in the Circuit Court," it had jurisdiction to consider the case. The circuit court also held that the filing in general sessions court was a nullity, and therefore, Plaintiff's claim was not effectively filed until after it was transferred to the circuit court on September 3, 2009.

The order also stated that the denial of Defendants' motion to dismiss was "without prejudice to the filing of other pleadings, including but not limited to a Motion pursuant to Rule 56 in the event the facts demonstrate that the incidents alleged are barred by the applicable statute of limitations."[2]

Because the civil warrant did not set forth the date of the accident, Defendants served a request for admission on Plaintiff pursuant to Tenn. R. Civ. P. 36.01, asking him to "[a]dmit that the date you have alleged to have received personal injury from Defendants is

---

[1]The civil warrant and the record do not reveal the basis of the claim. but it appears to arise from a vehicular accident involving Plaintiff and Matthew Goney, a Rutherford County employee who was operating a vehicle owned by Rutherford County at the time of the accident.

[2]At the time the order was filed, the record did not reveal when the accident at issue occurred. It was later established that the accident occurred on August 10, 2008.

August 10, 2008." Plaintiff failed to respond to the request for admission and the requested fact was thus deemed admitted. Having determined Plaintiff's claim arose on August 10, 2008, and was not filed in Circuit Court until September 3, 2009, Defendants moved for summary judgment. They asserted that plaintiff's claim was time barred under the statute of limitations for GTLA claims, Tenn. Code Ann. § 29-20-305(b), which provides that GTLA actions "must be commenced within twelve (12) months after the cause of action arises."

At the hearing on the motion, Plaintiff urged the circuit court to find that the filing of the civil warrant on August 7, 2009 in the general sessions court tolled the statute of limitations under principles of equity, because he was acting pro se and was not aware of the jurisdictional limitations on GTLA claims. A finding of equitable tolling was further justified, he argued, because Defendants had notice of his claim when it was filed in sessions court. Defendants asserted that the sessions court did not have jurisdiction to transfer the case and that the case was barred by the statute of limitations prior to it being filed in the circuit court. Neither party made reference to the Transfer Statute, Tenn. Code Ann. § 16-1-116, at the hearing.

The circuit court granted Defendants' motion for summary judgment at the conclusion of the hearing, and Plaintiff filed a timely appeal.

**ANALYSIS**

It is undisputed that subject matter jurisdiction for GTLA claims is limited to the circuit courts of this state by Tenn. Code Ann. § 29-20-305(b).[3] Therefore, the General Sessions Court of Rutherford County did not have jurisdiction over this case, and a court lacking subject matter jurisdiction over a case "has no authority to transfer it, *unless* that authority is specifically conferred by statute, rule, or constitutional provision." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995) (emphasis added); *see also Coleman v. Coleman*, 229 S.W.2d 341, 344 (1950).

Plaintiff insists that Tenn. Code Ann. § 16-1-116, the Transfer Statute, satisfies the exception mentioned in *Norton*, 895 S.W.2d at 319. Generally stated, the Transfer Statute provides that when a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court with jurisdiction, and, upon such transfer, the case "shall proceed as if it had been originally filed in the court to which it was transferred." Tenn. Code Ann. § 16-1-116.

---

[3]Except in counties with a population of more than 600,000. Tenn. Code Ann. § 29-20-305(b). Rutherford County has a population of less than 600,000.

Defendants challenge Plaintiff's reliance on the Transfer Statute on two fronts. First, they contend we should not consider the Transfer Statute because the statute was not specifically cited in the sessions court or the circuit court. In general, "questions not raised in the trial court will not be entertained on appeal." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Nevertheless, the questions before this court – whether the sessions court had authority to transfer Plaintiff's case to the circuit court and whether Plaintiff's claim was time barred – were the central issues before the circuit court. Admittedly, the Transfer Statute was not discussed in the circuit court but the questions, the issues of subject matter jurisdiction and whether the claim was time barred were raised. Moreover, "[i]t is incumbent upon the courts to apply the controlling law, whether or not cited or relied upon by either party." *Nance by Nance v. Westside Hosp.*, 750 S.W.2d 740, 744 (Tenn. 1988). We must "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief" that is "not in contravention of the province of the trier of fact." Tenn. R. App. P. 36(a) & adv. cmt. ("This subdivision makes clear that the appellate courts are empowered to grant whatever relief an appellate proceeding requires. In addition, this subdivision states that the appellate court should grant the relief to which a party is entitled."). Accordingly, we will consider the applicability of the Transfer Statute.

Second, Defendants argue that the Transfer Statute is of no help to Plaintiff because it does not apply to GTLA claims. Their argument is based on the principle of sovereign immunity and the well-settled rule that "a state, or political subdivision thereof, is not subject to a statute unless specifically mentioned therein or unless application thereto is necessarily implied." *Keeble v. City of Alcoa*, 319 S.W.2d 249, 250 (Tenn. 1958). As a result of this rule, Defendants assert, the Transfer Statute does not apply to GTLA claims against the state or its political subunits because the Transfer Statute does not "specifically mention[]" its application to such claims, and its application is not "necessarily implied." *See id.* We respectfully disagree.

The Transfer Statute does not create a new substantive right or a new cause of action that could be asserted against the State or its political subdivisions; the Transfer Statute merely authorizes the transfer of such a claim to a court empowered to hear the merits of the claim. Furthermore, the General Assembly enacted the Transfer Statute in 2000,[4] following an invitation by the Tennessee Supreme Court to "enact a broad transfer statute" that would allow "courts without subject matter jurisdiction to transfer the case to any proper court." *Norton*, 895 S.W.2d at 320 ("Because a clear liberalizing trend in our transfer statutes can be discerned, and because a broad provision authorizing a court without subject matter jurisdiction over a case to transfer the case to any proper court would promote judicial economy and the policy of disposing of cases on the merits, we invite the legislature to enact

---

[4]The GTLA was enacted in 1973. *See Sallee v. Barrett*, 171 S.W.3d 822, 826 (Tenn. 2005).

a broad transfer statute."); *see also Hawkins v. Tennessee Dep't of Corr.*, 127 S.W.3d 749, 766 (Tenn. Ct. App. 2002). The General Assembly's intent to accept the Supreme Court's invitation and pass a transfer statute with broad application is evident in the opening phrase: "Notwithstanding any other provision of law or rule of court to the contrary. . . ." Tenn. Code Ann. § 16-1-116.

Our reasoning also conforms to our decision in *Young v. Davis*, No. E2008-01974-COA-R3-CV, 2009 WL 3518162 (Tenn. Ct. App. Oct. 30, 2009). In that matter, the plaintiff filed a GTLA claim in the Bradley County Chancery Court. *Young*, 2009 WL 3518162, at *2. The issue in *Young* was whether the chancery court, which lacked jurisdiction over the plaintiff's GTLA claim, could dispose of the case by granting Defendants' motion for summary judgment, or whether the case had to first be transferred to the circuit court, which did have jurisdiction, before the defendants' motion for summary judgment could be entertained. *Id.* at *3-4. This court held that, because the chancery court lacked jurisdiction, it could not dismiss the case on a motion for summary judgment, *but was required, by the Transfer Statute, to transfer the claim to circuit court*, which did have jurisdiction. *Id.* Although the issue in *Young* is different from the issue at bar, in that we are now being asked to determine whether transfer of a GTLA claim is *permissible* under the Transfer Statute, we find *Young* instructive for its holding that transfer of a GTLA claim is *required* by the Transfer Statute, implying transfer is permissible. *See id.; see generally Hawkins*, 127 S.W.3d 749 (Tenn. Ct. App. 2002) (ordering transfer of a prisoner's petition for writ of certiorari to a court with jurisdiction pursuant to the Transfer Statute).

For the reasons stated above, we have determined that the Transfer Statute, Tenn. Code Ann. § 16-1-116, is applicable to GTLA claims. Therefore, we will determine whether the Transfer Statute saves Plaintiff's GTLA claim in this case.

The applicable provisions of the Transfer Statute provide:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action . . . is filed in . . . a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was originally filed. Upon such a transfer, the action . . . shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116.

The Transfer Statute expressly authorizes a court lacking jurisdiction over a claim to transfer the claim to a court with jurisdiction, provided two conditions are met: 1) If, "at the time it was originally filed," the claim "could have been brought" in the court with jurisdiction, and 2) The transfer "is in the interest of justice." *Id.*

GTLA claims are subject to a one-year statute of limitations. Tenn. Code Ann. § 29-20-305(b). Plaintiff's GTLA claim was filed in the general sessions court on August 7, 2009, for alleged injuries resulting from an accident that occurred on August 10, 2008. Therefore, at the time Plaintiff filed in general sessions court, his claim "could have been brought" in the circuit court. Furthermore, we have concluded that it was "in the interest of justice" to transfer this case. *See Young*, 2009 WL 3518162, at *4 (stating that "in the interest of justice" must be interpreted liberally). Thus, the general sessions court complied with the statute by transferring what was a timely filed case to the Circuit Court of Rutherford County. Further, as the Transfer Statute expressly provides, because the case was properly transferred to a court with jurisdiction, the filing of this action in the sessions court on August 7, 2009, tolled the running of the statute of limitations before the expiration of the limitations period, and the date of transfer relates back to the date Plaintiff's claim was originally filed. Tenn. Code Ann. § 16-1-116 (stating that upon transfer, the action shall proceed "as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred."). Therefore, Plaintiff's claim is not time barred and should proceed in the circuit court. *Id*.

### IN CONCLUSION

The judgment of the trial court is reversed and this case is remanded with instructions to reinstate Plaintiff's cause of action and for further proceedings consistent with this opinion. Costs of appeal are assessed against the defendants, Rutherford County and Matthew J. Goney.

_____
FRANK G. CLEMENT, JR., JUDGE