# IN THE COURT OF APPEALS OF TENNESSEE
## AT Jackson
### October 23, 2012 Session

## FILIPPO CARBONE v. BRENDA BLAESER

**Direct Appeal from the Chancery Court for Carroll County**
**No. 2011DR155,     Ron E. Harmon, Chancellor**

---

**No. W2012-00670-COA-R3-CV - Filed November 14, 2012**

---

This is a child custody case. Appellant/Mother appeals the denial of her Tennessee Rule of Civil Procedure 59.04 motion to vacate the order granting Father/Appellee's petition for custody of the minor child and for enrollment of a foreign decree on custody. Mother received, at most, three days notice before the hearing on Father's petition in violation of Tennessee Rule of Civil Procedure 6.04. Because Mother did not receive adequate notice, we conclude that the trial court erred in denying Mother Rule 59 relief. Reversed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Bede O. M. Anyanwu, Jackson, Tennessee, for the appellant, Brenda Blaeser.

Laura A. Keeton, Huntingdon, Tennessee, for the appellee, Fillipo Carbone.

## OPINION

Appellant Brenda Blaeser ("Mother") is a United States Citizen. Appellee Fillipo Carbone ("Father") is an Italian citizen. In 2003, Mother moved to Germany to live with her grandmother, where she resided from 2003 until 2009. During that time, Ms. Blaeser and Mr. Carbone began a romantic relationship and Ms. Blaeser became pregnant, in 2004, with the minor child at issue in this case. The child was born in Hanau, Germany on August 19, 2005. Although Ms. Blaeser did notify Mr. Carbone of his paternity, Mr. Carbone initially refused to have the child bear his last name. However, the child's name was eventually changed to reflect Father's surname. At all times relevant, the minor child lived with

Mother; however, Mother and child did vacation for a few weeks every year in Italy, where Father lived.

In 2009, Ms. Blaeser decided to return to the United States to live. By this time, Mother and Father were no longer romantically involved. Ms. Blaeser states that she notified Mr. Carbone that she and the child were moving to the United States.

On October 28, 2010, Mr. Carbone filed a petition in the Juvenile Court of Carroll County, wherein he sought to have immediate visitation with the child. The petition also sought to have the child returned to Italy pursuant to the Hague Convention. Furthermore, Mr. Carbone alleged that Ms. Blaeser had fled with the minor child from Italy to the United States. On November 2, 2010, the juvenile court held a hearing on Father's petition. By order of November 12, 2010, the juvenile court held that it did not have jurisdiction over the minor child pursuant to the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJA"), or the Hague Convention. The court's ruling was based, *inter alia*, upon the court's determination that the child had not resided in Tennessee, or the United States, for the requisite six-month period. Despite the juvenile court's ruling that it lacked jurisdiction to hear this case, on April 26, 2011, Mr. Carbone filed a petition in that court to register a foreign decree (i.e., the Italian decree on custody). The parties subsequently briefed the issue of whether the Italian decree should be enrolled in the Tennessee court. However, on August 5, 2011, the juvenile court entered a second order, wherein, again, it held that it lacked jurisdiction over the minor child.

On August 22, 2011, Mr. Carbone filed a separate petition in the Carroll County Chancery Court. One day later, on August 23, 2011, the juvenile court entered an order, officially transferring the juvenile proceeding to the chancery court pursuant to Tennessee Code Annotated Section 16-1-116, the Transfer Statute.[1] By his August 22 petition, filed in

_____

[1] Tennessee Code Annotated Section 16-1-116 provides:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from

(continued...)

the chancery court, Mr. Carbone sought to have the Italian custody order enrolled in the Tennessee court, and further sought to have the minor child returned to him for immediate transport abroad. Mr. Carbone alleges that notice of the petition and scheduled hearing were sent to Ms. Blaeser on the same day that the petition was filed, i.e., August 22, 2011. The "Certificate of Service" portion of the petition indicates that Mr. Carbone's attorney did, in fact, mail the petition to Mother at her last known address. The petition was scheduled for hearing on August 25, 2011.

On August 23, 2011, Ms. Blaeser's attorney sent notice to the chancery court that, due to a scheduling conflict, neither he, nor Ms. Blaeser, would be able to appear on August 25, 2011. However, the clerk did not file this notice until August 28, 2011, which was three days after the hearing took place.

Despite the fact that neither Ms. Blaeser nor her attorney were present, the hearing on Mr. Carbone's petition was held on August 25, 2011. On the same day, the court entered an order, stating that the Italian order was properly authenticated and registered, that the child was wrongfully removed from Italy, and that sole custody of the child was vested with Father. The court further ruled that, pursuant to Article 12 of the Hague Convention, the child was to be immediately returned to the Father for transport back to Italy. The court also held that Father was entitled to reimbursement for expenses associated with the prosecution of the case.

On September 1, 2011, Ms. Blaeser filed a motion to vacate the August 25, 2011 order pursuant to Tennessee Rule of Civil Procedure 59. The court heard Ms. Blaeser's motion on October 5, 2011. The motion to vacate was denied by order of January 4, 2012.

Mother appeals and raises six issues for review as stated in her brief:

> 1. Whether the trial court committed error when it denied Appellant's Rule 59 motion to vacate.
>
> 2. Whether the Italian order should have been registered as a foreign decree.

---

[1](...continued)
   which it was transferred.

3. Whether the Italian order should have been afforded full faith and credit.

4. Whether the child should have been turned over to his Father pursuant to the Hague Convention.

5. Whether the court should have awarded Father his attorney's fees.

6. Whether the court committed reversible error when it failed to make required findings of fact and conclusions of law.

We first address the issue of whether Ms. Blaeser's Tennessee Rule of Civil Procedure 59 motion was properly denied by the trial court. Tennessee Rule of Civil Procedure 59 expressly authorizes four categories of motions: "(1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment." Tenn. R. Civ. P. 59.01. Furthermore, the specified motions are the only means "for extending the time for taking steps in the regular appellate process ." *Id*.; *see also* Tenn. R. App. P. 4(b).

Rule 59.02 provides that "[a] motion for new trial and all other motions permitted under this rule shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58." Tenn. R. Civ. P. 59.02. "The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors before a judgment becomes final." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998), overruled on other grounds by *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000). Thus, for thirty days after entry of a final judgment, motions for relief should be premised upon Rule 59. Because the August 25, 2011 order had not become final when Ms. Blaeser moved to vacate it on September 1, 2011, her motion was properly brought under Tennessee Rule of Civil Procedure 59.

We review a trial court's ruling on a motion to alter or amend a judgment filed pursuant to Tennessee Rule of Civil Procedure 59.04 under the abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008). Abuse of discretion is found "'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010) (quoting *State v.*

-4-

*Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Instead, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

In support of her Rule 59 motion, Ms. Blaeser asserts, *inter alia*, that Mr. Carbone's motion in the chancery court was not an emergency petition so as to require expedited hearing, or hearing *ex parte*. She further states that the notice of the hearing on Mr. Carbone's August 22, 2011 petition was not filed until August 23, 2011, and the hearing on the motion was scheduled a mere two days later on August 25, 2011 in violation of the notice requirements contained in Tennessee Rule of Civil Procedure 6.04.

As noted above, the juvenile court entered an order on August 23, 2011, specifically transferring the matter to the chancery court. The Transfer Statute provides that, "[u]pon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred." In other words, "[t]he Transfer Statute does not create a new substantive right or a new cause of action . . . the Transfer Statute merely authorizes the transfer of such a claim to a court empowered to hear the merits of the claim." *Haynes v. Rutherford County*, 359 S.W.3d 585 (Tenn. Ct. App. 2011). Accordingly, Mr. Carbone's filing of the August 22, 2011 petition in the chancery court was not, in fact, a new cause of action, but was a continuation of the action commenced in the juvenile court. This distinction is important only as it dictates the amount and type of notice required.[2] Here, Ms. Blaeser was

_____

[2] Because of the timing of the juvenile court's transfer order, which was filed on August 23, 2011, it is difficult to determine whether Mr. Carbone's August 22, 2011 petition in chancery court was a new action. Furthermore, there is some question in this Court's mind as to whether the juvenile court had the authority to transfer the matter to the chancery court, and whether the order of transfer being filed one day after Mr. Carbone's chancery court petition renders the issue of transfer moot. Neither party has raised these issues on appeal. However, we need not decide the issue of authority of the juvenile court to transfer this case to chancery, or the timing of the transfer. Even if we were to assume, *arguendo*, that the transfer to the chancery court was proper and created a new cause of action, Rule 60 of the Carroll County Local Rules of Court provides that:

Civil cases shall be set for trial in one of the following ways:

(a) By agreement of counsel and approval of such date by Chancellor, Counsel must, upon receiving date, forward letter of confirmation to all parties, Chancellor and Clerk of Court;

(continued...)

entitled to notice on the motion pursuant to Tennessee Rule of Civil Procedure 6.04, which states:

> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof **shall be served not later than five (5) days before the time specified for the hearing**, unless a specific period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application.

(Emphasis added). As noted above, Mr. Carbone's chancery court petition was served on Ms. Blaeser by mail. Tennessee Rule of Civil Procedure 6.05 provides for additional time when notice is given via mail:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail three (3) days shall be added to the prescribed period.

In addition, as discussed in the Advisory Commission Comments to Rule 6.01: "The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded." Tenn. Code Ann. § 1-3-102. In addition, Rule 6.01 adopts the formula that: (1) If the last day of a period falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. However, "[w]hen the prescribed period is less than eleven days (as is the case here),

---

[2](...continued)
> (b) by motion to set;
>
> (c) by the Court with notice to counsel;
>
> (d) at a scheduling or pretrial conference.

There is no indication in the record that the local rule was complied with in scheduling this matter for hearing a mere three days after Mr. Carbone filed his petition in chancery court. Furthermore, if the petition is construed as a new cause of action, then, under Tennessee Rule of Civil Procedure 12.01, Ms. Blaeser would have thirty days (as opposed to ten) in which to respond with her answer. Accordingly, no matter whether this case was a new cause of action in the chancery court, or whether it was a continuation of the juvenile proceedings, the result is the same. Ms. Blaeser did not receive adequate notice.

intermediate Saturdays, Sundays and holidays are excluded." Tenn. R. Civ. P. 6.01 advisory committee's cmt. (2). The reason for the exclusion of holidays and weekends is that, "[w]hen the time allowed is so short, the party limited by the time should not be further handicapped by losing one or more days because normal business operations are suspended by Saturday, Sunday, or legal holiday observances." *Id.*

Under the foregoing rules, Ms. Blaeser was actually entitled to a total of ten days notice. First, she was entitled to five days under Rule 6.04. She was also entitled to an additional three days under Rule 6.05 because the petition was sent by mail. Under Tennessee Code Annotated Section 1-3-102 the first day (i.e., August 22, 2011) is excluded. Applying the foregoing rules to the case at bar, the ten day period began to run on Tuesday, August 23, 2011. Because the fifth and six days (i.e., August 27, 2011 and August 28, 2011) fell on Saturday and Sunday, we do not include those days in the count under Rule 6.05. Accordingly, September 1, 2011, ten days from when the motion was filed, would have been the earliest date allowable for a hearing under the rules of civil procedure.

It is undisputed that Mr. Carbone's petition was filed on August 22, 2011. The certificate of service on the petition was executed on the same day. Ms. Blaeser does not dispute the fact that her attorney received the petition and responded to it on August 23, 2011, by notifying the court that neither he, nor Ms. Blaeser, were available for the hearing on August 25, 2011. The fact that Ms. Blaeser's attorney actually received notice on August 23, 2011 does not negate the effect of Rules 6.04 and 6.05, i.e., receipt of notice does not truncate the notice requirement. As discussed above, in order to comply with the notice requirements, the earliest date that the trial court could have scheduled the hearing on Mr. Carbone's petition would have been September 1, 2011. Even under the most expansive reading of the timeline in this case, Ms. Blaeser received (at most) three days notice before the hearing. This is in direct contravention of the Rule 6.04 notice requirement.

Except in extraordinary circumstances, motions must be made upon notice to the parties. Ex parte motions are made to the court on behalf of one or the other of the parties to the action in the absence and usually without the knowledge of the other party or parties. As set out in full context above, Rule 6.05 contains an exception to the five day notice requirement for motions that "may be heard ex parte." At oral argument, Mr. Carbone's attorney did attempt to articulate a reason why the petition in this case should have been considered an ex parte motion. However, the record is devoid of any evidence that would have allowed the August 25, 2011 hearing to have proceeded on an ex parte basis. Adequate notice is a fundamental due process principle and only in the rarest of circumstances will an adjudicative process be acceptable without it. Because Ms. Blaeser did not receive proper notice in this case, we conclude that the trial court abused its discretion in denying her Rule 59 motion to vacate.

"It is incumbent upon the courts to apply the controlling law, whether or not cited or relied upon by either party." ***Nance by Nance v. Westside Hosp***., 750 S.W.2d 740, 744 (Tenn. 1988). Accordingly, this Court must "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief" that is "not in contravention of the province of the trier of fact." Tenn. R. App. P. 36(a) ("This subdivision makes clear that the appellate courts are empowered to grant whatever relief an appellate proceeding requires. In addition, this subdivision states that the appellate court should grant the relief to which a party is entitled."). Moreover, Tennessee Rule of Appellate Procedure 36(b) provides that, when this Court determines that an "error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process," we may fashion relief "[w]hen necessary to do substantial justice." Having determined that Ms. Blaeser did not receive adequate notice in this case before a hearing on Mr. Carbone's petition was conducted, and that this error was in contravention of the principles of due process and substantial justice, we reverse the order of the trial court, denying Ms. Blaeser's Rule 59 motion for relief. The case is remanded for entry of a judgment granting Rule 59 relief in favor of Ms. Blaeser. Accordingly, the trial court's order, granting Mr. Carbone's petition, is vacated in its entirety and the case is remanded for re-hearing after proper notice is provided. Because Mr. Carbone's petition must be reheard, we pretermit all remaining substantive issues in this appeal.

For the foregoing reasons, the order of the trial court is reversed and the case is remanded for further proceedings consistent with this Opinion. Costs of this appeal are assessed against the Appellee, Fillipo Carbone, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE