IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2019

## SHANE MADDOX BRUCE v. CAROLYN MARSH JACKSON ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-327-18     Kristi M. Davis, Judge**

_____

### No. E2018-01997-COA-R3-CV

_____

The petitioner commenced this action in the Knox County Circuit Court ("trial court"), naming as respondents his mother, his brother, and a purported family trust. He alleged, *inter alia*, that his mother and brother had "brought about" the wrongful death of his father and had mishandled trust funds. Additionally, the petitioner requested "financial separation" from familial assets, a money judgment, and injunctive relief to freeze familial assets. Following a hearing, the trial court entered an order dismissing this action with prejudice upon finding that the trial court lacked jurisdiction because all parties involved in the matter resided in Campbell County and all acts forming the basis for the petitioner's claims had occurred in Campbell County. The petitioner has appealed. We determine that although the trial court correctly found that it lacked subject matter jurisdiction, the court erred by dismissing this action with prejudice. We further determine that, pursuant to Tennessee Code Annotated § 16-1-116 (2009), this matter should be transferred to the court wherein jurisdiction lies. We therefore vacate the portion of the trial court's judgment dismissing the case with prejudice and remand for entry of an order transferring this action to the Campbell County Circuit Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Shane Maddox Bruce, LaFollette, Tennessee, Pro Se.

Adam M. Bullock, LaFollette, Tennessee, for the appellees, Carolyn Marsh Jackson, Jackson Family Trust, and Morgan Jackson.

**OPINION**

## I. Factual and Procedural Background

The petitioner, Shane Maddox Bruce, proceeding at all relevant times without benefit of counsel, filed a "Petition for Financial Separation and Wrongful Death Suit" in the trial court on September 18, 2018. Mr. Bruce named as respondents his mother, Carolyn Marsh Jackson; his brother, Morgan Jackson; and the Jackson Family Trust. Mr. Bruce's father, Okey Jackson ("Decedent"), had died on December 4, 2017. Among multiple allegations set forth in the petition, Mr. Bruce alleged that Ms. Jackson and Morgan Jackson (collectively, "Respondents")[1] had "brought about" the wrongful death of Decedent by "ignoring, even obstructing [Decedent's] treatment of elemental arsenic poisoning . . . ."

As to the petition for financial separation, Mr. Bruce alleged that Respondents had misappropriated funds through establishment and management of a family trust and that they had "mingled assets based on combined family enterprises," from which Mr. Bruce requested "his interests to be separated with financial compensation due him . . ." in the amount of $246,085.16. Mr. Bruce concomitantly filed a motion for injunctive relief, requesting a temporary restraining order "to freeze assets, properties and accounts from [being] transferred to any other parties seeking them outside any normal activities of maintenance of properties or usual billings . . . ." Although no responsive pleading was filed in the trial court, we note that on appeal, Respondents assert that no "Jackson Family Trust" exists and that the "only trust is a joint living trust titled to [Ms.] Jackson and [Decedent]."

Mr. Bruce subsequently filed a motion to join Morgan Jackson's former wife, Jessica Jackson, as a respondent in the action. Through this motion, he also sought to increase the amount of "personal compensation" he was seeking to $450,000.00, although he did not style the motion as one to amend his complaint. Mr. Bruce then filed a motion to join a purported associate of Morgan Jackson's as a defendant in the wrongful death claim, requesting a judgment for "a nominal $500,000.00 in loss of expected profits" against Morgan Jackson's associate. We note that neither of these individuals was joined to this action prior to dismissal by the trial court, although Jessica Jackson is represented by Respondents' counsel on appeal.

---

[1] Because Morgan Jackson shares a surname with his mother and Decedent, we will refer to him by his full name throughout this Opinion for clarity's sake. No disrespect is intended.

2

Following a hearing conducted on October 19, 2018, the trial court entered an order on October 24, 2018, dismissing this action with prejudice for lack of subject matter jurisdiction.[2] The court stated in pertinent part:

> The court has reviewed the Petition and concludes that all parties involved in this matter reside in Campbell County, Tennessee, and the acts that form the basis of the claims in the Petition occurred in Campbell County, Tennessee. [Mr. Bruce] acknowledged this at the hearing on October 19. Accordingly, jurisdiction does not lie in Knox County, Tennessee, and this matter must be dismissed for lack of jurisdiction. The dismissal is with prejudice.

Mr. Bruce filed a timely notice of appeal on November 2, 2018. On November 26, 2018, Mr. Bruce filed a motion to vacate the judgment in the trial court. Although Mr. Bruce cited in his motion only a statute regarding a trial court's discretion in granting a change in venue, *see* Tenn. Code Ann. § 20-4-204, his motion appears to have been filed pursuant to Tennessee Rule of Civil Procedure 60.02. We note that absent remand from this Court, the trial court was without subject matter jurisdiction to consider Mr. Bruce's post-judgment motion. *See Burke v. Huntsville NH Operations LLC*, 491 S.W.3d 683, 692 (Tenn. Ct. App. 2015) ("Absent an application for remand, the trial court's attempt to enter further orders addressing a party's Rule 60.02 motion is a nullity." (quoting *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007))). We therefore will proceed with this appeal, having determined that the appeal was docketed with this Court upon the timely filing of Mr. Bruce's notice of appeal. *See* Tenn. R. App. P. 5; *Burke*, 491 S.W.3d at 691-92.

## II. Issue Presented

Mr. Bruce has not included a statement of the issues in his principal brief on appeal as required by Tennessee Rule of Appellate Procedure 27(a)(4). *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("The requirement of a statement of the issues raised on appeal is no mere technicality."). Noting this omission, Respondents have gleaned from Mr. Bruce's argument the following issue, which we have restated slightly:

---

[2] The appellate record contains no transcript or statement of evidence reflecting what transpired during this hearing. *See* Tenn. R. App. P. 24(c).

Whether the trial court erred by dismissing this action with prejudice rather than without prejudice.

In addition, we note that Mr. Bruce has asserted in the argument section of his principal brief that the trial court erred by dismissing the action based on lack of jurisdiction rather than transferring the matter based on lack of improper venue. Inasmuch as this Court must determine, as a threshold matter, whether the trial court had subject matter jurisdiction even when the issue is not presented for review, we will begin our analysis by addressing the trial court's finding of lack of jurisdiction. *See* Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]").

## III. Standard of Review

This appeal presents questions of venue and subject matter jurisdiction, which as questions of law, are reviewed *de novo* without a presumption of correctness. *See Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) ("The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it."); *see also Pack v. Ross*, 288 S.W.3d 870, 871-72 (Tenn. Ct. App. 2008) (analyzing questions of statutory interpretation involving venue and subject matter jurisdiction upon interlocutory appeal). Issues of statutory construction are also reviewed *de novo* with no presumption of correctness attached to the rulings of the court below. *See Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009); *Blair v. Brownson*, 197 S.W.3d 681, 683-85 (Tenn. 2006).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter*, 279 S.W.3d at 568; *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV. Jurisdiction and Venue

The trial court dismissed this action upon finding that it did not have "jurisdiction" over claims involving residents of Campbell County and actions that occurred solely in

Campbell County. On appeal, Mr. Bruce acknowledges that during the October 2018 hearing, he gave "consent" to a dismissal in the trial court. He argues, however, that the trial court erred by dismissing his action with prejudice and that the trial court should have found improper venue rather than lack of jurisdiction and transferred the matter to Campbell County. Mr. Bruce thereby requests that this Court vacate the trial court's judgment. For their part, Respondents assert that the trial court properly found that it lacked jurisdiction but concede that the dismissal should have been without prejudice. Respondents request that this Court affirm the dismissal but modify the judgment to be without prejudice. Upon review, we determine that the trial court did not err in finding that it lacked subject matter jurisdiction but did err in dismissing the action with prejudice. We further determine that the case should have been transferred to the Campbell County Circuit Court pursuant to Tennessee Code Annotated § 16-1-116.

The trial court did not specify in its order whether the jurisdiction it found lacking was subject matter jurisdiction or personal jurisdiction. However, the trial court's rationale implicates a finding of no subject matter jurisdiction. Regarding the distinction, this Court has explained:

> "Jurisdiction is the lawful authority of a court to adjudicate a controversy brought before it." *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). This authority consists of two components: Jurisdiction of the parties and jurisdiction of the subject matter. *Brown v. Brown*, 155 Tenn. 530, 296 S.W. 356 (1927). Jurisdiction of the parties is premised on their being properly subject to service of process, i.e., to being haled into the given court. *Kane*, 547 S.W.2d at 560. Jurisdiction of the subject matter relates to the nature of the controversy and the type of relief sought. *Standard Surety & Casualty Co. v. Sloan*, 180 Tenn. 220, 173 S.W.2d 436 (1943).

*Young v. Kittrell*, 833 S.W.2d 505, 507 (Tenn. Ct. App. 1992). As residents of Tennessee who admittedly resided in the state at the time of the action's filing, Respondents were subject to being personally served with process and were therefore subject to the trial court's personal jurisdiction.[3] *See* Tenn. R. Civ. P. 4.04 (providing for service of process upon defendants residing within the state); c*f.* Tenn. Code Ann. § 20-2-214 (2009) (within Tennessee's long-arm statute, providing for circumstances when nonresidents of

---

[3] We note that the record contains no indication that Respondents were served with process prior to the October 2018 hearing and that Respondents did not file any type of responsive pleading in the trial court. It is also unclear from the record whether Respondents were present or represented during the October 2018 hearing. Respondents' counsel's notice of appearance was not filed until November 14, 2018. However, inasmuch as Respondents have not raised an issue regarding lack of service on appeal, we determine any such issue to be waived. *See* Tenn. R. App. P. 13(b).

the state and residents who are outside the state may be subject to personal jurisdiction within Tennessee).

Generally, "circuit court is a court of general jurisdiction . . . in all cases where the jurisdiction is not conferred upon another tribunal." Tenn. Code Ann. § 16-10-101 (2009). The question here is whether the circuit court of a county in which none of the parties resided and none of the actions underlying the claims allegedly took place lacked subject matter jurisdiction or was simply the improper venue. Mr. Bruce asserts that the trial court should have found the venue to be improper rather than ruling that it lacked subject matter jurisdiction. We disagree. As this Court has previously elucidated regarding the distinction and interplay between venue and subject matter jurisdiction as each involves a trial court's ability to adjudicate an action:

> Venue refers to locality, and in the legal sense it signifies the proper locality in which a court of competent jurisdiction may adjudicate an action. It is within the power of the legislature to fix the venue of actions according to its judgment. Tennessee's venue rules are largely statutory and are intended to provide the criteria for determining where a lawsuit may or should be filed. *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982).

> Venue is either local or transitory, depending on the subject matter of the cause of action. *State v. Graper*, 155 Tenn. 565, 569, 4 S.W.2d 955, 956 (1927). A cause of action that may arise anywhere is transitory, but one that could arise in only one place is local. *Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22 (1926). Otherwise transitory actions are considered to be local when a statute prescribes a particular county in which they must be brought. *State ex rel. Huskey v. Hatler*, 606 S.W.2d 534 (Tenn. 1980). In fact, venue statutes evince legislative purpose to localize transitory actions. *White v. Garner*, 192 Tenn. 429, 241 S.W.2d 518 (1951).

> Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, *Metropolitan Dev. & Hous. Agency*, 637 S.W.2d at 880, waiver is not available when a transitory action has been localized by statute. In that situation, venue has become part of the court's authority to hear a particular action and is, therefore, jurisdictional. *Curtis v. Garrison*, 211 Tenn. 339, 344, 364 S.W.2d 933, 935 (1963); *Terminix Int'l Co. v. Tapley*, No. 02A01-9701-CH-00028, 1997 WL 437222, at *5, 1997 Tenn. App. LEXIS 546, at *13-*15 (Tenn. Ct. App. Aug. 4, 1997) (no Tenn. R. App. P. 11 application filed).

6

*Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 753-54 (Tenn. Ct. App. 2002) (footnote omitted).

At first glance, the subject matter of the instant cause of action would seem to be transitory rather than local because the claims involved could arise anywhere. *See Kampert v. Valley Farmers Coop.*, No. M2009-02360-COA-R10-CV, 2010 WL 4117146, at \*2 (Tenn. Ct. App. Oct. 19, 2010) (explaining that in contrast to transitory actions, "[l]ocal actions generally involve land" with examples "including an action to quiet title to land, a trespass, or an injury to real estate"). However, when applicable, Tennessee Code Annotated § 20-4-101(b) "has been held to localize venue for an otherwise transitory action." *Pack*, 288 S.W.3d at 872 (citing *Curtis v. Garrison*, 364 S.W.2d 933, 936 (Tenn. 1963)). Tennessee Code Annotated § 20-4-101 (Supp. 2018) provides in relevant part:

(a)     In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides.

(b)     If, however, the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence.

In *Pack*, the parties resided in the same Tennessee county, and the cause of action arose in that same county. *Pack*, 288 S.W.3d at 873. The *Pack* Court thus concluded:

Consequently, as to these parties under the peculiar facts of this case, Tenn. Code Ann. § 20-4-101(b) localizes venue in only one county—Dickson County. We need not address the theoretical case where the statute permits a choice of two venues. When venue is possible in only one county, we have already seen that the localization of venue creates subject matter jurisdiction restrictions. This returns us to the Tennessee Supreme Court's pronouncement that "[t]he Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction." *Curtis* [*v. Garrison*], 364 S.W.2d [933,] 936 [(Tenn. 1963)]. Since venue

as to [the defendant] is limited to one county, *Curtis v. Garrison* teaches that the court of that county alone has jurisdiction to entertain the action. *Id.*

*Id.*

Similarly, in this case, because the parties reside in Campbell County and the alleged actions underlying Mr. Bruce's claims purportedly occurred in Campbell County, under the peculiar facts of this case, Tennessee Code Annotated § 20-4-101(b) localizes venue in Campbell County alone. *See Pack*, 288 S.W.3d at 873. Moreover, because venue is possible solely in Campbell County, subject matter jurisdiction over this action is limited to Campbell County. *See id.* The trial court did not err in finding that it lacked subject matter jurisdiction over this action.

However, in dismissing this case for lack of subject matter jurisdiction, the trial court did not adjudicate the case on the merits and therefore should not have dismissed it with prejudice. *See generally*, *J.M. Hanner Constr. Co. v. Thomas Bros. Constr. Co.*, No. E2011-01641-COA-R9-CV, 2012 WL 3012639, at *4 (Tenn. Ct. App. July 24, 2012) ("[C]ases should be decided on their merits whenever possible." (citing *Bates v. Sanders*, 79 S.W.2d 41, 42 (Tenn. 1935))). "With prejudice" has been defined generally as "[w]ith loss of all rights; in a way that finally disposes of a party's claim and bars any future action on that claim." BLACK'S LAW DICTIONARY 1633 (8th ed. 2004). In contrast, "[a] dismissal without prejudice is not considered an adjudication on the merits." *See Estate of Burkes ex rel. C.T.A. v. St. Peter Villa, Inc.*, No. W2006-02497-COA-R3-CV, 2007 WL 2634851, at *4 (Tenn. Ct. App. Sept. 12, 2007). "The words 'without prejudice' . . . show[] that the judicial act is not intended to be res judicata of the merits of the controversy." *Id.* (quoting *Milam v. Wal-Mart Stores, Inc.*, No. 02A01-9208-CV-11224, 1993 WL 90388, at *1 (Tenn. Ct. App. Mar. 30, 1993) (in turn quoting BLACK'S LAW DICTIONARY 1437 (5th ed. 1979))). Although "[t]he presence or absence of a designation in an order dismissing a complaint as being 'with prejudice' or 'without prejudice' has not necessarily been controlling," *Mitchell v. Hutchins*, No. M2004-01592-COA-R10-CV, 2006 WL 287372, at *3 (Tenn. Ct. App. Feb. 6, 2006), dismissal with prejudice carries with it the potential interpretation of barring any future action on the claim.

It is not clear from the record before us whether Mr. Bruce requested transfer to the Campbell County Circuit Court during the October 2018 hearing. Nonetheless, the trial court clearly found in its order that the case would have to be decided in Campbell County. We determine that the general transfer statute, Tennessee Code Annotated § 16-1-116 ("Transfer Statute"), which was enacted effective May 2000, *see* Tenn. Pub. Acts, Ch. 794 § 1 (H.B. 2256), provides for this type of situation.

Tennessee Code Annotated § 16-1-116 states:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

As this Court has explained:

> The Transfer Statute expressly authorizes a court lacking jurisdiction over a claim to transfer the claim to a court with jurisdiction, provided two conditions are met: 1) If, "at the time it was originally filed," the claim "could have been brought" in the court with jurisdiction, and 2) The transfer "is in the interest of justice."

*Haynes v. Rutherford Cty.*, 359 S.W.3d 585, 590 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. Sept. 21, 2011) (quoting Tenn. Code Ann. § 16-1-116).

Whether to transfer an incorrectly filed case is within the trial court's discretion. *Turner v. State*, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005). Regarding such a discretionary standard, this Court has elucidated:

> An abuse of discretion occurs when a trial court "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under this standard, a trial court's decision "'will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

*Pack*, 288 S.W.3d at 874-75.

In *Haynes*, this Court addressed the question of whether the Transfer Statute "tolls the running of the statute of limitations when a claim under the Government Tort Liability Act ["GTLA"] is filed in a court that lacks subject matter jurisdiction, and the court transfers the case to a court with jurisdiction." *Haynes*, 359 S.W.3d at 586. When the *Haynes* plaintiff mistakenly filed his action in general sessions court, the general sessions court, finding that it did not have subject matter jurisdiction, transferred the action to the circuit court. *Id.* By the time the action was transferred, the applicable one-year statute of limitations under the GTLA had run. *Id.* Upon the defendant county's motion, the circuit court granted summary judgment in favor of the defendant based on the statute of limitations. *Id.* Holding that the statute of limitations had been tolled by the Transfer Statute, this Court reversed the grant of summary judgment and remanded to the trial court with instructions to reinstate the case in the circuit court. *Id.* In so holding, this Court determined that the general sessions court had "complied" with the Transfer Statute because the two conditions of the statute had been met: the plaintiff's "claim 'could have been brought' in the circuit court" and "it was 'in the interest of justice' to transfer this case." *Id.* at 590 (quoting Tenn. Code Ann. § 16-1-116; *Young v. Davis*, No. E2008-01974-COA-R3-CV, 2009 WL 3518162, at *4 (Tenn. Ct. App. Oct. 30, 2009), *overruled on other grounds by Sneed v. City of Red Bank*, 459 S.W.3d 17 (Tenn. 2014)).

In so holding, the *Haynes* Court cited with approval the portion of *Young v. Davis*, No. E2008-01974-COA-R3-CV, 2009 WL 3518162, at *4 (Tenn. Ct. App. Oct. 30, 2009), wherein the *Young* Court had analyzed the language of the Transfer Statute in comparison to Tennessee Code Annotated § 16-11-102 (2009), which authorizes transfer of particular cases from chancery court to circuit court. *Haynes*, 359 S.W.3d at 589-90. In *Young*, this Court stated in relevant part:

> The operative language of both transfer statutes produces the same result, and the language of § 16-1-116, if anything, is more clearly mandatory in using the word "shall" than § 16-11-102 which uses the word "may." We are mindful that § 16-1-116 contains the proviso that the transfer should be "in the interest of justice," but in light of the holdings of *Flowers* and *Woods*, we think that proviso must be interpreted liberally in favor of transfer and that the alternative should be, at worst, dismissal without prejudice so as to allow refiling in the correct court.

*Young*, 2009 WL 3518162, at *4 (citing *Woods v. MTC Mgmt.*, 967 S.W.2d 800, 802 (Tenn. 1998); *Flowers v. Dyer Cty.*, 830 S.W.2d 51, 52-53 (Tenn. 1992)).

We conclude that in the case at bar, both conditions of the Transfer Statute were met. First, as the trial court determined and Respondents acknowledge, at the time that Mr. Bruce originally filed this action, it could have been brought in the Campbell County

10

Circuit Court.  Second, construing "in the interest of justice" liberally, as we must in applying the Transfer Statute, *see Haynes*, 359 S.W.3d at 590, we determine that it is in the interest of justice for this action to be transferred to the court with subject matter jurisdiction.  Accordingly, although we affirm the trial court's finding that it lacked subject matter jurisdiction, we vacate the trial court's judgment dismissing the action with prejudice and remand for the trial court to enter an order transferring this action to the Campbell County Circuit Court.[4]

## V.  Allegation of Bias

Finally, in the argument section of his principal brief, Mr. Bruce has requested that this Court not remand this action to the trial court upon his allegation that the trial court judge may be biased against him.  However, as Respondents point out, Mr. Bruce did not file in the trial court a motion to recuse the trial court judge pursuant to Tennessee Supreme Court 10B.  Mr. Bruce also has not presented an issue on appeal regarding recusal of the trial court judge.  *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); *Owen*, 2011 WL 6777014, at *4 ("The requirement of a statement of the issues raised on appeal is no mere technicality."). We therefore determine that Mr. Bruce has effectively waived his request that this action not be remanded to the trial court.  *See, e.g.*, *Xcaliber Int'l Ltd., LLC v. Tenn. Dep't of Revenue*, No. M2017-01918-COA-R3-CV, 2018 WL 4293364, at *17-18 (Tenn. Ct. App. Sept. 10, 2018) (concluding that the plaintiff had waived a request for reassignment to a different trial court judge on remand when the plaintiff had not filed a motion for recusal and had failed to raise the issue in its statement of the issues on appeal).

## VI.  Trial Court Costs

In the conclusion of his principal brief on appeal, Mr. Bruce also appears to request that this Court waive his trial court costs.  In his reply brief, Mr. Bruce requests "direct damages of additional costs as an undue burden," including "costs of fees not only to the originating court as well as the summons service fees attributed there" and the costs of refiling in the Campbell County Circuit Court.  As with his apparent request for remand or reassignment, Mr. Bruce has not properly raised an issue on appeal concerning

---

[4] We recognize that according to the parties, since the dismissal of the instant action, Mr. Bruce has "refiled" his claims in the Campbell County Circuit Court.  However, no documentation of this filing is in the record on appeal.  Moreover, we are confined on appeal to review of the record of this action as it was presented to the trial court and to the issues raised on appeal.  *See* Tenn. R. App. P. 13.  We note that upon transfer of this action, Tennessee Rule of Civil Procedure 42.01 provides to the court with subject matter jurisdiction the discretion to consolidate the two actions if the facts so merit.  *See McMillin v. Lincoln Mem'l Univ.*, No. E2010-01190-COA-R3-CV, 2011 WL 1662544, at *9 (Tenn. Ct. App. May 3, 2011).

trial court costs. *See* Tenn. R. App. P. 13(b); *Owen*, 2011 WL 6777014, at *4. In addition, as Respondents note, this appeal concerns the action before the trial court and not the action independently filed in the Campbell County Circuit Court. Moreover, it was Mr. Bruce's responsibility as the plaintiff to file his action in the proper court. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Mr. Bruce's request to be relieved of trial court costs is without merit.

## VII. Conclusion

For the reasons stated above, we affirm the trial court's finding that it lacked subject matter jurisdiction but vacate the portion of the trial court's judgment dismissing this action with prejudice. We remand to the trial court for entry of an order transferring this action to the Campbell County Circuit Court and for collection of costs assessed below. Costs on appeal are taxed to the appellees, Carolyn Marsh Jackson and Morgan Jackson.[5]

_____
THOMAS R. FRIERSON, II, JUDGE

---

[5] Although the "Jackson Family Trust" is also named as an appellee in this action, Respondents assert that this trust does not exist. We therefore tax costs on appeal solely to the named individual appellees.