Jennie A. DEWEES, Plaintiff/Appellant,

v.

Sean SWEENEY, Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 18, 1996.

Permission to Appeal
Denied by Supreme Court
May 27, 1997.

---

1. *Nashville Housing Auth. v. Cohen,* 541 S.W.2d 947 (Tenn.1976); *State of Tennessee v. Parkes,* 557 S.W.2d 504 (Tenn.App.1977).

Terry R. Clayton, Nashville, for Plaintiff/Appellant.

Michael J. Vetter, Brewer, Krause, Brooks & Mills, Nashville, for Defendant/Appellee.

## OPINION

CANTRELL, Judge.

In this slip and fall case brought by a tenant against her landlord, the trial court granted the landlord's motion for partial summary judgment, and directed entry of the judgment as a final order, pursuant to Rule 54.02, Tenn.R.Civ.P. The tenant failed to file a Notice of Appeal within thirty days of the entry of the final order, as is required by Rule 4(a), Tenn.R.App.P.

However the trial court granted the plaintiff's late-filed motion for Notice of Appeal nunc pro tunc, dating the notice back to the filing date of a motion for interlocutory appeal that had been submitted within the thirty day period. The parties presented arguments on the merits to this court, as well as arguments on the question of whether the case was properly before us. We find that it was not, and we reverse the trial court's grant of the Notice of Appeal nunc pro tunc.

### I.

The plaintiff alleged that she fell seven times while using the stairs in her two-level rented apartment, and became permanently disabled as a result. She claimed that the falls occurred because of the landlord's failure to replace a carpet that had become dangerously worn. The defendant moved for summary judgment on the second through the seventh falls, arguing that he was entitled to judgment as a matter of law, because after the first fall the plaintiff had to have knowledge of the dangerous condition that was superior to his, and because she apparently took no steps to protect herself.

The motion was heard on December 1, 1995. The trial court granted the motion, and the defendant's attorney promptly prepared an order for the trial judge's signature. Through inadvertence, the order was not delivered to the court until January 2, 1996. It was signed by the judge on January 4, and filed in the clerk's office on January 5. The order declared that "... this Partial Summary Judgment is a final and appealable order pursuant to Tennessee Rules of Civil Procedure 54.02, the Court finding there is no just reason for delay in this matter." The

order also contained a Certificate of Service on counsel for the plaintiff.

The defendant's attorney became concerned that in light of his failure to deliver the draft of the order to the court in December, a copy of that order may also not have been sent to the plaintiff's attorney. He therefore acquired a copy of the signed order and sent it by registered mail. The plaintiff's attorney received the order on January 11, 1996.

On January 26, 1996, the plaintiff filed a Motion for Interlocutory Appeal in the trial court. The defendant responded to the motion on February 5 with a request that it be denied because the court had made its partial summary judgment final and appealable, and there was thus no basis for an interlocutory appeal. He also pointed out that the thirty day period for filing a Notice of Appeal had expired.

Alerted by the defendant's response to the fact that he had filed an inappropriate motion, the plaintiff's attorney filed a Notice of Appeal on February 7, together with a motion that the Notice of Appeal be filed nunc pro tunc in order for it to be considered timely filed. The trial court granted the motion, and ordered that the plaintiff's Motion for Interlocutory Appeal serve as her Notice of Appeal nunc pro tunc as of January 26, 1996.

## II.

The time limit within which an appeal as of right must be filed is found in Rule 4, Tenn. R.App.P. which reads in part:

> Appeal as of Right: Time for Filing Notice of Appeal.—(a) Generally.—In an appeal as of right to the Supreme Court, Court of Appeals and Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice.

■ The time limit was jurisdictional for all cases prior to 1983, when the rule was amended to preserve the constitutional rights of criminal defendants. It remains jurisdictional and mandatory in all civil cases. See *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181 (Tenn.App.1985).

■ While the Rules of Appellate Procedure give the appellate courts considerable latitude in its construction and use of those rules "to secure the just, speedy, and inexpensive determination of every proceeding on its merits," Rule (1) Tenn.R.App.P., such latitude does not extend to the jurisdictional time limits imposed by Rule 4(a). Rule 2 reads:

> **Suspension of Rules.**—For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules, in a particular case on motion of a party, or on its motion and may order proceedings in accordance with its discretion, except that this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4, an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12.

Those exact limitations are also found in Rule 21(b), Tenn.R.App.P., which is captioned "Extension of Time," and which permits the appellate courts for good cause to enlarge the time prescribed by its rules for doing any act, "but the Court may not enlarge the time for filing a Notice of Appeal prescribed in Rule 4, an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12."

## III.

■ We accept the appellee's argument that entering a Notice of Appeal nunc pro tunc is not an appropriate way for the trial court to avoid the time limitations imposed by the Rules of Appellate Procedure, where the appellant had ample time to file within those limitations. The purpose of rendering an order "nunc pro tunc" is to make the record speak the truth by giving the order retroactive effect to compensate for the fact that an order previously granted was not

entered of record at the earlier time. *Hatcher v. State*, 24 Tenn.App. 213, 142 S.W.2d 326 (1940). See also *Cantrell v. Humana of Tennessee*, 617 S.W.2d 901 (Tenn.App.1981).

In *Gillespie v. Martin*, 172 Tenn. 28, 109 S.W.2d 93 (1937), this court said:

> "The general rule is that to justify a *nunc pro tunc* order there must exist some memorandum or notation found among the papers or books of the presiding judge, and a *nunc pro tunc* order will not be valid unless there is some such memorandum showing what judgment or order was actually made and these jurisdictional facts recited."

172 Tenn. at 32, 109 S.W.2d at 94.

■ A prerequisite for a nunc pro tunc order then, is some previous action by the court that is not adequately reflected in its record. It may not be granted to relieve an attorney from the consequences of his own failure to comply with the rules, but only to correct mistakes or omissions arising from the actions of the court itself. For a good general discussion of orders nunc pro tunc, see 8 Tenn.Juris., Courts § 6 (1992).

■ The appellant argues that it would be appropriate to treat his Motion for Interlocutory Appeal as an informal Notice of Appeal, pointing out that the rules also say that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Rule 3(f), Tenn.R.App.P. We note, however, that the appellant did not file an informal Notice of Appeal but an actual correctly drawn motion that would have been valid under other circumstances. We believe that while quite broad, the principle of informality does not stretch quite as far as the appellant would wish it to.

### IV.

It is true that the rules do contemplate a mechanism whereby the time limit may be defeated by the trial court under the exceptional circumstances where it is authorized to grant relief from its own judgments or orders under Rule 60 of the Tennessee Rules of Civil Procedure. Such relief is available from "[c]lerical mistakes in judgments, orders or other parts of the record, and errors

therin arising from oversight or omissions...." Rule 60.01, Tenn.R.Civ.P. The court may also relieve a party from a final judgment for the reasons of "mistake, inadvertence, surprise or excusable neglect...." Rule 60.02, Tenn.R.Civ.P.

■ However, the appellant did not file a motion for Rule 60 relief, and the trial court did not act on its own initiative to grant such a motion. The appellant implies that if we find the trial court's order granting the notice of appeal nunc pro tunc to be deficient, we should treat it as an order under Rule 60. However, a mistaken reading of the rules on the part of an attorney is not the kind of mistake or inadvertence for which Rule 60 should be invoked. See *Kilby v. Sivley*, 745 S.W.2d 284 (Tenn.App.1987). Nor does the one week delay before receiving a copy of the final order or any of the other irregularities alleged by the appellant support a finding of surprise or excusable neglect, since the appellant was not prejudiced by them, and there was an ample amount of time in which to file the simple Notice of Appeal that is required by the rules.

### V.

As a result of the expiration of the time for filing a Notice of Appeal, the trial court's partial summary judgment has become final and is no longer subject to review by this court. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.