IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2015 Session

## VIRGINIA LOUISE BURKE ET AL. v. HUNTSVILLE NH OPERATIONS LLC D/B/A HUNTSVILLE MANOR

**Appeal from the Circuit Court for Scott County**
**No. 8423     John D. McAfee, Judge**

**No. E2014-02068-COA-R3-CV-FILED-NOVEMBER 30, 2015**

The notice of appeal in this matter was filed with the trial court after expiration of the thirty-day deadline provided in Tennessee Rule of Appellate Procedure 4. This Court subsequently ordered the appellants to show cause why the appeal should not be dismissed as untimely. In response, the appellants filed a motion with the trial court, pursuant to Tennessee Rule of Civil Procedure 60.01, seeking alteration of the filing date on the notice of appeal. The trial court granted such relief while the appeal was pending in this Court, despite the absence of a remand. The defendant filed a motion to dismiss the appeal, which was deferred to the panel deciding this case. We conclude that absent a remand from this court, the trial court was without jurisdiction to act on the Tennessee Rule of Civil Procedure 60.01 motion while this appeal was pending. We therefore dismiss this appeal as untimely.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Martin L. Ellis, Knoxville, Tennessee, for the appellants, Virginia Louise Burke and Fred A. Burke.

Wayne Kline, Knoxville, Tennessee, for the appellees, Huntsville NH Operations LLC d/b/a Huntsville Manor.

**OPINION**

**I. Factual and Procedural Background**

This appeal arises from a premises liability action filed in the Circuit Court for Scott County. The plaintiff, Virginia Louise Burke, filed a complaint on November 13, 2012, against Huntsville NH Operations LLC d/b/a Huntsville Manor ("Huntsville Manor"), asserting that she slipped and fell just inside the entrance of Huntsville Manor, the nursing home wherein Ms. Burke's mother resided. Ms. Burke alleged that a clear liquid had been spilled on the floor and that she did not notice the puddle before stepping into it and falling. According to Ms. Burke's complaint, Huntsville Manor was negligent in its maintenance of the entryway, causing her injury. Ms. Burke's husband, Fred A. Burke, joined as a plaintiff in this action, claiming loss of consortium damages.

Huntsville Manor filed a motion for summary judgment, asserting that the Burkes could not establish the critical element of actual or constructive notice of the dangerous condition. The Burkes responded by presenting deposition testimony of Huntsville Manor employees who stated that they witnessed frequent spills and puddles on the floor. The Burkes also presented the testimony of a nursing home expert, who opined that Huntsville Manor was understaffed and that the nursing home's policies regarding housekeeping were deficient and demonstrated a lack of regard for visitor safety.

The trial court granted Huntsville Manor's motion for summary judgment by order entered on June 17, 2014. The Burkes filed a motion to alter or amend, which was denied by the trial court in an order dated September 16, 2014. A notice of appeal was thereafter mailed by the Burkes' attorney to the trial court clerk. Such notice of appeal, bearing a filing date of October 20, 2014, as the date it was received by the trial court clerk, was transmitted by the trial court to this Court. This filing date rendered the notice of appeal untimely, as it was filed with the trial court more than thirty days after entry of the final order.

Upon receipt of a copy of the notice of appeal by this Court, an order was entered on October 27, 2014, referencing the untimeliness of the notice and allowing the Burkes until November 12, 2014, to show cause why the appeal should not be dismissed for lack of jurisdiction. The Burkes filed a response to this order, seeking an extension of time within which to show cause. The Burkes' counsel filed an affidavit, stating that he was filing a motion for relief with the trial court, pursuant to Tennessee Rule of Civil Procedure 60.01, but that he was unsure whether a ruling would be received by the deadline to show cause. The Burkes' counsel asserted that there had been a "likely clerical error" with regard to the filing of the notice of appeal. In their motion before this Court, the Burkes also sought "leave to alter or amend [the] trial court record pursuant to

2

Tennessee Rule of Civil Procedure 60.01." Although the Burkes were granted an extension of time to respond to the show cause order, their request for leave to amend the trial court record was denied by this Court's order dated November 13, 2014.

Meanwhile, in the trial court, the Burkes' counsel filed a Rule 60.01 motion on November 6, 2014, attaching an affidavit from a paralegal, Helen Haas, who was employed by his law firm. Ms. Haas stated that she mailed the notice of appeal and appeal bond to the Scott County Circuit Court Clerk on October 10, 2014, in advance of the thirty-day deadline. Ms. Haas also mailed copies of the documents to the Burkes and to this Court. Ms. Haas stated that she confirmed receipt of the documents by this Court on October 15, 2014. Ms. Burke filed an affidavit, stating that she received her copies of these documents no later than October 14, 2014.

The Burkes also attached an affidavit from the Scott County Circuit Court Clerk, Donnie Phillips. Mr. Phillips's affidavit states in pertinent part:

> On October 20, 2014, Ashley King came to me with a Notice of Appeal that had been submitted for filing in the above-captioned matter.
>
> The Notice of Appeal was stamped "filed" at that time.
>
> Unfortunately we did not retain the envelope in which the Notice of Appeal was received.
>
> I have been advised that a Sworn Affidavit of Mrs. Louise Burke confirms receipt of a copy of the Notice of Appeal on October 14, 2014. I have received and reviewed a copy of this Affidavit.
>
> I also understand that a Sworn Affidavit has been signed by Helen S. Haas confirming her conversation with an employee of the Court of Appeals confirming their receipt of a copy of the Notice of Appeal on October 15, 2014. I have received and reviewed a copy of this Affidavit.
>
> I have no explanation for why the Notice of Appeal mailed from Knoxville, Tennessee on October 11, 2014 would have been not received in our office until October 20, 2014.

(Paragraph numbering omitted.)

On November 12, 2014, the trial court entered an order granting the Burkes' Rule 60.01 motion. The court ordered supplementation of the record with the affidavit of Mr.

3

Phillips and further ordered that the notice of appeal filed on October 20, 2014, be stricken from the record and replaced with a notice of appeal bearing a filing date of October 15, 2014. Following receipt of this order, Huntsville Manor filed a motion to dismiss in this Court for lack of jurisdiction, asserting that the trial court abused its discretion in granting the Burkes' Rule 60.01 motion. This Court subsequently entered an order, stating in pertinent part:

> Upon due consideration of the appellants' various responses to the order entered on October 27, 2014, as well as the appellee's motion to dismiss, and response in opposition thereto, this case will not be dismissed at this time. This appeal shall proceed in accordance with the Rules of Appellate Procedure and the rules of this Court. However, the parties are directed to present argument in their briefs regarding whether the Trial Court's order granting the appellants' relief, pursuant to Rule 60.01 of the Rules of Civil Procedure, in the form of an alteration in the filing date reflected on the Notice of Appeal, was a proper exercise of the authority granted to the Trial Court pursuant to Rule 60.01. . . . The appellee's motion to dismiss is hereby DEFERRED to the panel that ultimately will decide this case.

## II. Issue Presented

Although the Burkes have raised issues in their appellate brief regarding the propriety of the trial court's grant of summary judgment, the dispositive issue in this matter is whether the trial court erred in granting relief to the Burkes, pursuant to Tennessee Rule of Civil Procedure 60.01, by ordering that the filing date reflected on the notice of appeal be changed to a date establishing a timely appeal.

## III. Standard of Review

A trial court's decision to grant a Tennessee Rule of Civil Procedure 60.01 motion to correct a clerical error in a judgment is reviewed under an abuse of discretion standard. *See Jackman v. Jackman,* 373 S.W.3d 535, 541 (Tenn. Ct. App. 2011). Under the abuse of discretion standard, a trial court's ruling "'will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.'" *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott,* 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland,* 22 S.W.3d 266, 273 (Tenn. 2000)). A trial court abuses its discretion only when it "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning or that cause[s] an injustice to the party complaining.'" *See Eldridge*, 42 S.W.3d at 85 (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999)). The abuse of discretion standard does not permit the appellate court to substitute its

4

judgment for that of the trial court. *See Eldridge*, 42 S.W.3d at 85.

## IV. Relief Pursuant to Rule 60

The trial court granted relief to the Burkes pursuant to Tennessee Rule of Civil Procedure 60.01, ostensibly based on the Burkes' argument that the October 20, 2014 filing date reflected on the notice of appeal was the result of "clerical error" by the trial court clerk. Huntsville Manor argues that the trial court abused its discretion in granting such relief. Upon careful review, we agree with Huntsville Manor on this issue.

Tennessee Rule of Appellate Procedure 4 establishes the time limit for filing a notice of appeal as of right, stating in pertinent part:

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . .

As the Advisory Commission Comments to Tennessee Rule of Appellate Procedure 4 explain:

> Nothing in this rule or any other rule permits the time for filing notice of appeal to be extended beyond the specified 30 days, although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under Tennessee Rule of Civil Procedure 60.02.

(Emphasis added).

Tennessee Rule of Civil Procedure 60.02 provides in relevant portion:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment,

5

order or proceeding was entered or taken.

This Court has previously addressed a question involving the type of relief available to a party who files an untimely notice of appeal, stating:

> The only relief that can be granted to a party who files an untimely notice of appeal must come from the trial court, pursuant to Tennessee Rule of Civil Procedure 60. *First Nat'l Bank [of Polk County v. Goss]*, 912 S.W.2d [147,] 148 [Tenn. Ct. App. 2005]; *Jefferson [v. Pneumo Services Corp.]*, 699 S.W.2d [181,] 184 [Tenn. Ct. App. 1985]. This relief is generally granted, however, in only the most "extraordinary" circumstances. *Id.* One example of an extraordinary circumstance warranting relief occurred when a trial court clerk failed to timely mail copies of the signed and filed order to the parties. *See Muesing v. Ferdowski,* No. 01-A019005-CV-00156, 1991 WL 20403 at *2 (Tenn. Ct. App. Feb. 21, 1991). By contrast, ignorance or mistaken understanding of court rules, a lawyer's busy schedule, and delays caused by mailing have been ruled insufficient for the purposes of granting Rule 60 relief. *First Nat'l Bank,* 912 S.W.2d at 149; *Kilby v. Sivley,* 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987); *Jefferson,* 699 S.W.2d at 184.

*In re Jayden B.-H.*, No. E2013-00873-COA-R3-PT, 2013 WL 4505389 at *1 (Tenn. Ct. App. Aug. 21, 2013).

In *First Nat'l Bank of Polk County v. Goss*, 912 S.W.2d 147, 149 (Tenn. Ct. App. 2005), the appellant's attorney mailed the notice of appeal the day before it was due. The notice did not arrive at the trial court clerk's office by the filing deadline. *Id.* The appellant then voluntarily dismissed the appeal in this Court and filed a motion for relief in the trial court, pursuant to Rule 60.02, asserting that the failure to timely file the notice of appeal was the result of "excusable neglect." *Id.* The trial court granted relief by setting aside its final judgment and re-entering it to allow for a timely notice of appeal. *Id.*

This Court found such action to be an abuse of discretion, determining that the appellant had not carried its "heavy burden" of establishing entitlement to Rule 60.02 relief. *First Nat'l Bank*, 912 S.W.2d at 151. The Court elucidated that such relief should be granted in only the most "unusual, rare, compelling and propitious circumstances." *Id.* The Court stated, *inter alia*:

> We are of the opinion that the mailing of a notice of appeal to the office of the clerk and master within two days of the deadline for so doing is not

excusable neglect as that term is used in Rule 60. We are further of the opinion that under such circumstances, prudence would dictate at least a call to the office of the clerk and master to insure receipt before the time to appeal had elapsed.

*Id.* This Court thus dismissed the appeal as untimely. *Id.* Similarly, here, after being notified that this Court had received a copy of the notice of appeal from the Burkes but had not received a stamped copy from the trial court, the record contains no evidence that the Burkes made a call to the trial court to insure receipt there before expiration of the filing deadline.

In the case at bar, however, the Burkes' motion did not seek relief for excusable neglect pursuant to Tennessee Rule of Civil Procedure 60.02, but rather sought relief pursuant to Rule 60.01, which states:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Therefore, the relief ultimately granted by the trial court was pursuant to Rule 60.01 rather than Rule 60.02.

As our Supreme Court has explained: "Rule 60.01 is designed to afford relief in cases in which the judgment or order, either standing alone or when viewed in connection with other portions of the record, shows <u>facial errors arising from oversight or omission</u>." *Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn. 1976) (emphasis added). By way of example, such relief has been allowed when the defendant's name was listed incorrectly on a final judgment; to interpret a provision in a parenting plan order that was ambiguous on its face; and when the order inadvertently granted a nonsuit regarding all claims, rather than the one type of claim intended to be nonsuited. *See Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 49 (Tenn. 1986); *Battleson v. Battleson*, 223 S.W.3d 278, 288 (Tenn. Ct. App. 2006); *SecurAmerica Business Credit v. Schledwitz,* No. W2009-02571-COA-R3-CV, 2011 WL 3808232 at *9 (Tenn. Ct. App. Aug. 26, 2011).

The Supreme Court elucidated in *Continental* that "[Rule 60.01], like its federal counterpart . . . should be applied to strike a proper balance between the competing principles of finality and justice." 720 S.W.2d at 49. If an error in the drafting of a

judgment causes the trial court to sign an order that does not reflect the actual findings of the court, Rule 60.01 relief may be granted. *See, e.g., Tantaris v. Boehms*, No. 89-178-II, 1989 WL 137853 at *4 (Tenn. Ct. App. Nov. 17, 1989). Although Rule 60.01 states that clerical mistakes in "judgments, orders or <u>other parts of the record</u>" may be corrected, this Court has discovered no Tennessee precedent interpreting Rule 60.01 involving correction to any part of the record other than judgments or orders. *See, e.g., Continental Cas. Co.*, 720 S.W.2d at 49; *Battleson*, 223 S.W.3d at 288; *SecurAmerica*, 2011 WL 3808232; *see also Bullington v. Hudson*, No. M1888-02772-COA-R3-CV, 2000 WL 489553 at *4 (Tenn. Ct. App. Apr. 26, 2000) ("Rule 60.01 has consistently been used to provide relief from judgments flawed by mechanical errors such as a spelling mistake or the insertion of an incorrect number or letter.").

Furthermore, regarding the proper interpretation of the phrase, "clerical mistakes," found in Tennessee Rule of Civil Procedure 60.01, this Court has explained:

> In *Tantaris v. Boehms,* No. 89-178-II, 1989 WL 137853, at *4 (Tenn. Ct. App. M.S. Nov. 17, 1989), this Court noted that "[o]ne of the most common problems [in applying Rule 60] has been distinguishing between 'clerical mistakes,' addressed in Rule 60[.01], and "mistake, inadvertence, surprise, or excusable neglect, addressed in Rule 60[.02]." However, our courts have provided some guidance in making this determination.
>
> Rule 60.01 relief is appropriate to correct "clerical mistakes in judgments, orders or other parts of the record[.]" Tenn. R. Civ. P. 60.01. Thus, after a Rule 60.01 correction, "a judgment still exists." *J.W. Gibson Co. v. Eagle Instruments, Inc.,* No. 03A01-9809-CV-00312, 1999 WL 552879, at *2 (Tenn. Ct. App. July 28, 1999). "Rule 60.02, on the other hand, does not provide a mechanism for correcting mistakes in judgments, but instead provides a mechanism for setting aside judgments altogether." *Id.* at n. 1.
>
> In *Jerkins,* 533 S.W.2d at 280, our Supreme Court considered whether Rule 60.01 could provide relief to a respondent, where the trial court issued an order denying respondent's request for a new trial, but the clerk failed to provide either party with a copy of such order, or even notify the parties of its existence, until more than thirty days after its entry, thus precluding appeal. *Id.* at 277, 281. The court found that these failures "constituted excusable neglect justifying relief under Rule 60.02(1)." *Id.* at 281. However, the court stated:
>
> > We do not here deal with Rule 60.01, since this rule is

8

designed to afford relief in those character of cases wherein the judgment or order, either standing alone, or when viewed in connection with other portions of the record, shows *facially* that it contains errors arising from oversight or omission.

*Id.* at 280 (emphasis added). Likewise, "[a]t least one Tennessee court has restated that proposition to apply in those situations where an error in the drafting of a judgment 'cause[s] the judgment to fail to reflect the court's ruling accurately.'" *Tantaris,* 1989 WL 137853, at *4 (quoting *Addington v. Staggs,* No. 88-214-II, 1989 WL 5453, at *3 (Tenn. Ct. App. M.S. Jan. 27, 1989)). Furthermore, a mistake in the "clerk's office" does not automatically equate to a "clerical error" entitling a party to relief under Rule 60.01. This Court stated in *Zeitlin v. Zeitlin,* 544 S.W.2d 103, 108 (Tenn. Ct. App. 1976), that "[t]he words 'clerical mistake' do not particularly apply to every act of a person denominated a 'clerk.' Rather it applies to mechanical errors of computation or copying by any person, Clerk or otherwise."

*Anderson v. Anderson*, No. W2007-01220-COA-R3-CV, 2008 WL 5263384 at *5-6 (Tenn. Ct. App. Dec. 17, 2008).

In this case, the trial court relied upon Rule 60.01 not to correct a judgment or order, but rather to strike and re-enter the Burkes' untimely notice of appeal. Although the trial court apparently based its decision on the fact that the Burkes' counsel claimed to have mailed the notice on October 10, 2014, and it was not filed by the trial court clerk until October 20, 2014, there is no authority for reliance upon Rule 60.01 to alter the filing date of a notice of appeal. The caption of Rule 60 is entitled "Relief from judgments or orders," suggesting that the rule is intended to provide a means of relief from actions of the trial court and not the parties. We have located no controlling or persuasive authority allowing the correction of anything other than a judgment or order pursuant to Rule 60.01.

Because our Supreme Court has recognized that Rule 60.01 is almost identical to its federal counterpart, Federal Rule of Civil Procedure 60(a), "the opinions of federal courts are persuasive authority in this area." *Bowman v. Henard*, 547 S.W.2d 527, 530 (Tenn. 1977). A review of federal case law by this Court similarly reveals no cases granting relief pursuant to Federal Rule of Civil Procedure 60(a) to correct other parts of the record apart from judgments or orders. As stated in *Truskoski v. ESPN*, 60 F.3d 74, 77 (2nd Cir. 1995), Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made."

9

We do note the only factually similar Tennessee case of *Dewees v. Sweeney*, 947 S.W.2d 861, 863 (Tenn. Ct. App. 1996), wherein the appellant erroneously filed a "motion for interlocutory appeal" following a final order, rather than a notice of appeal. When this error was pointed out by the appellee, the time for filing a notice of appeal had expired. *Id*. The appellant then filed an untimely notice of appeal along with a motion requesting the court to enter it *nunc pro tunc* to the date of filing of the motion for interlocutory appeal. *Id*. The trial court granted the motion and ordered that the motion for interlocutory appeal serve as a notice of appeal, *nunc pro tunc,* thus purportedly rendering the notice of appeal timely filed. *Id*.

On appeal, this Court ruled that "entering a Notice of Appeal *nunc pro tunc* is not an appropriate way for the trial court to avoid the time limitations imposed by the Rules of Appellate Procedure, where the appellant had ample time to file within those limitations." *Dewees*, 947 S.W.2d at 863. Noting that a prerequisite for entering an order *nunc pro tunc* is some previous action of the court not adequately reflected in the record, this Court stated that "[i]t may not be granted to relieve an attorney from the consequences of his own failure to comply with the rules, but only to correct mistakes or omissions arising from the actions of the court itself." *Id*. at 864. This Court continued its discussion of this issue by stating that Tennessee Rule of Civil Procedure 60 did provide a mechanism for enlarging the time for filing a notice of appeal because the court could grant relief "from its own orders or judgments" under either Rule 60.01 or 60.02, given the proper circumstances. *Id.* However, the Court found that no such relief was warranted under the circumstances in *Dewees*. *Id.* Similarly, in this case, we do not find Rule 60.01 to be an appropriate means to correct an alleged error that is not evident from the face of the record. *See Anderson,* 2008 WL 5263384 at *6.

We next address the more significant jurisdictional question of whether the Burkes' motion could be properly addressed by the trial court following the filing of the notice of appeal. Tennessee Rule of Civil Procedure 60.01 states: "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." Inasmuch as such leave was denied in this case by this Court, the question that remains is whether the appeal had been "docketed" at the time the relief was granted. Regarding the docketing of an appeal, Tennessee Rule of Appellate Procedure 5 provides:

> (c) Docketing of the Appeal. The clerk of the appellate court shall enter the appeal on the docket <u>immediately upon receipt of the copy of the notice of appeal served upon the clerk of the appellate court by the trial court clerk</u> or, in appeals other than appeals as of right pursuant to Rule 3, upon receipt of the application or petition initiating the appeal. <u>The clerk of the</u>

> appellate court shall immediately serve notice on all parties of the docketing of the appeal. An appeal shall be docketed under the title given to the action in the trial court, with the appellant identified as such, but if such title does not contain the name of the appellant, the party's name, identified as appellant, shall be added to the title. With the service of the notice of docketing of the appeal, the clerk of the appellate court shall send to the appellant, and the appellant shall fully complete and return to the clerk, a docketing statement in the form prescribed by the clerk.

In the case at bar, the notice of appeal was received from the trial court clerk on October 23, 2014. As of that date, the appeal was docketed in this Court. Leave of this Court therefore would be required before the trial court could take action pursuant to Rule 60.01. As previously stated, such leave was denied by this Court.

In a factually similar case wherein an untimely notice of appeal was filed in the trial court concomitant with a Tennessee Rule of Civil Procedure 60 motion, this Court ruled that once the notice of appeal was filed, the trial court was without jurisdiction to act on a Rule 60 motion without a remand from this Court. In *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007), the defendant's attorney filed the notice of appeal one day past the thirty-day deadline, along with an attendant Rule 60 motion asking for the judgment to be set aside such that the notice of appeal could be deemed timely. [1] *Id*. at 423. The trial court denied relief, and the appeal proceeded in this Court. *Id*. at 424. On appeal, this Court addressed the trial court's subject matter jurisdiction *sua sponte*, explaining:

> Under Rule 4(a) of the Tennessee Rules of Appellate Procedure, a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). Thus, as a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. *See State v. Pendergrass,* 937 S.W.2d 834, 837 (Tenn. 1996) (citing *State v. Moore,* 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)).

> In this case, the thirty-day period after entry of the trial court's August 10, 2006 judgment had elapsed on September 11, 2006. Thus, the judgment became final at that time. Acknowledging this fact, [defendant]

---

[1] Although the motion in *Born Again* was filed pursuant to Tennessee Rule of Civil Procedure 60.02, we do not find this distinction to be relevant with regard to the analysis involving the trial court's jurisdiction.

filed a Rule 60.02 motion for relief from the trial court's final judgment, seeking to extend the time for appeal based on extenuating circumstances. Indeed, the advisory committee comments to Rule 4 state, "Nothing in this rule or any other rule permits the time for filing notice of appeal to be extended beyond the specified 30 days, although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under Tennessee Rule of Civil Procedure 60.02." *Id.,* advisory commission comment (a). Therefore, had [defendant] filed only the Rule 60.02 motion for relief from the final judgment, without more, the trial court would have had subject matter jurisdiction to consider the motion. *See Jerkins v. McKinney,* 533 S.W.2d 275, 281 (Tenn. 1976) (affirming the trial court's finding that the facts justified re-entry of the order under Rule 60.02 so as to restart the time for appellate review).

The issue is complicated, however, by the fact that [defendant] filed a notice of appeal contemporaneously with the filing of his Rule 60.02 motion for relief from the judgment. The issue then becomes whether the trial court retained jurisdiction to address the Rule 60.02 motion once the notice of appeal was filed. The Tennessee Supreme Court has acknowledged the difficulty with this issue, noting that "there is no guidance in Rule 60.02 as to the proper court in which to file the motion once an appeal is pending." *Spence v. Allstate Ins. Co.,* 883 S.W.2d 586, 595 (Tenn. 1994). The *Spence* Court resolved the issue in this appeal, however, by making it clear that the trial court "has no jurisdiction to consider a [Rule 60] motion after a notice of appeal has been filed." *Id.* Stated another way, "[o]nce the notice of appeal was filed, the jurisdiction of [the appellate] court attached, and, correlatively, the trial court lost jurisdiction." *State v. Snowden,* 2006 WL 1303946, at *2 (Tenn. Crim. App. 2006) (citing *State v. Armstrong,* 126 S.W.3d 908, 912 (Tenn. 2003); *State v. Irwin,* 962 S.W.2d 477, 479 (Tenn. 1998); *Pendergrass,* 937 S.W.2d at 837-38; *State v. Ogle,* No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *4 (Tenn. Crim. App. Jan. 17, 2001)); *State v. Peele,* 58 S.W.3d 701, 704 (Tenn. 2001) ("After the trial court loses jurisdiction, generally it retains no power to amend a judgment"). If a party wishes to seek relief from a judgment during that time, he has the option of applying to the appellate court for an order of remand. *Spence,* 883 S.W.2d at 595; *see City of Memphis v. Civil Serv. Comm'n of the City of Memphis,* No. W2002-01556-COA-R3-CV, 2003 WL 22204496, at *2 (Tenn. Ct. App. Sept. 15, 2003). Absent an application for remand, the trial court's attempt to enter further orders addressing a party's Rule 60.02 motion is a nullity. *See Moore v. Teddleton,* 2006 WL 3199273, at *4. Additionally,

"jurisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties." *State v. Moore,* 814 S.W.2d at 382; *see also Chorost v. Chorost,* No. M2000-00251-COA-R3-CV, 2003 WL 21392065, at *4 (Tenn. Ct. App. June 17, 2003).

* * *

Thus, from the date the notice of appeal was filed . . . this Court had subject matter jurisdiction over this case. The trial court's decision denying [the defendant's] request for Rule 60.02 relief was rendered . . . at a time when the trial court lacked subject matter jurisdiction over the case. Therefore, the order issued by the trial court was void, and the appeal must be dismissed. *First Am. Trust*, 59 S.W.3d at 140.

*Id.* at 424-425; *see also Russell-Johnson v. Johnson*, No. E2007-02913-COA-R3-CV, 2008 WL 3539743 at *2 (Tenn. Ct. App. Aug. 14, 2008) ("Assuming, arguendo, that the post-trial Motion filed by the appellant could be construed as a Tenn. R. Civ. P. Rule 60.02(1) . . . Motion for relief from the Final Judgment of July 11, 2007, she filed a Notice of Appeal before the Trial Court entered Judgment on the Motion, thereby rendering the Trial Court without jurisdiction to rule on the Motion.").

Similarly, in the case at bar, the trial court was without authority to act once the notice of appeal was received and docketed by this Court unless the Burkes sought and received leave from this Court. Such request for leave having been denied, the trial court's order granting relief to the Burkes pursuant to Tennessee Rule of Civil Procedure 60.01 is void. This appeal must be dismissed as untimely.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order granting relief to the Burkes pursuant to Tennessee Rule of Civil Procedure 60.01 as void. We further dismiss this appeal as untimely. Costs on appeal are taxed to the appellants, Virginia Louise Burke and Fred A. Burke. This case is remanded to the trial court for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE