# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 8, 2016 Session

## IN RE AIDEN M., ET AL.

### Appeal from the Juvenile Court for Cocke County
### Nos. CU05074, CU05075      Brad Lewis Davidson, Judge

---

### No. E2015-01241-COA-R3-PT-FILED-JANUARY 8, 2016

---

This is an appeal by Amanda P. from an order terminating her parental rights to her two minor children, Aiden M. and Kaidence M. The order terminating the appellant's parental rights was entered on May 5, 2015. The Notice of Appeal was not filed until June 26, 2015, more than (30) days from the date of entry of the final order. Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

Jessica Sue Sisk, Newport, Tennessee, for the appellant, Amanda P.

Robert E. Cooper, Jr., Attorney General and Reporter, and Paul Jordan Scott, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Jeffery S. Greene, Newport, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Counsel for the appellant indicated in her Notice of Appeal that she was not appointed as appellant's counsel until after the time for filing an appeal already had lapsed. A review of the order appointing the attorney who filed the Notice of Appeal confirms that it was not entered until June 8, 2015. However, the order appointing the appellant's trial counsel stated that counsel would represent the appellant in all phases of the case, including any appeals to this Court, "unless relieved of [the] appointment in a subsequent order." The order terminating the appellant's parental rights to her children did not relieve trial counsel of her obligation to represent the appellant. As such, the appellant was still represented by trial counsel during the entire thirty-day period for filing an appeal provided by Rule 4(a) of the Rules of Appellate Procedure. This Court therefore directed the appellant's counsel to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the untimely filing of the Notice of Appeal.

In response to the show cause order, counsel for the appellant sought and obtained a limited remand from this Court for the purpose of seeking relief from the final order in the Trial Court pursuant to Rule 60.02 of the Rules of Civil Procedure. *See Burke v. Huntsville NH Operations LLC*, No. E2014-02068-COA-R3-CV, 2015 WL 7720360, * 3 (Tenn. Ct. App., Eastern Division, Nov. 30, 2015) ("'The only relief that can be granted to a party who files an untimely notice of appeal must come from the trial court, pursuant to Tennessee Rule of Civil Procedure 60.'") (quoting *In Re Jayden B.-H.*, No. E2013-00873-COA-R3-PT, 2013 WL 4505389, *1 (Tenn. Ct. App., Eastern Division, Aug. 21, 2013)); *see also* Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc., 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007) (noting that a party must seek a remand from the appellate court following the untimely filing of a notice of appeal in order to provide the trial court with jurisdiction to consider a Rule 60 motion for relief from the judgment). Counsel for the appellant filed her Rule 60.02 motion for relief from the final order on September 11, 2015. The matter was heard by the Trial Court on October 20, 2015. The Trial Court denied the Rule 60.02 motion by order entered on October 23, 2015. No appeal from the denial of the Rule 60.02 motion has been filed. As a result, this Court is without jurisdiction to hear this appeal. *See* Tenn. R. App. P. 2; Tenn. R. App. P. 4(a); *see also Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases.").

The appeal is dismissed on grounds that this Court lacks jurisdiction. Costs on appeal are taxed to the appellant, Amanda P., for which execution may issue if necessary.

**PER CURIAM**